```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OCEANSIDE AUTO CENTER, INC.,

                    Plaintiff,          MEMORANDUM & ORDER
                                        13-CV-4977(JS)(AKT)
        -against-

PEARL ASSOCIATES AUTO SALES LLC and
ALAN LEVENTHAL,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Kenneth Adam Novikoff, Esq.
                    Scott Green, Esq.
                    Tamika N. Hardy, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556

For Defendants:     Joseph Tripodi, Esq.
                    Kranjac Tripodi & Partners LLP
                    30 Wall Street, 12th Floor
                    New York, NY 10005
```

SEYBERT, District Judge:

Plaintiff Oceanside Auto Center, Inc. ("Plaintiff") originally commenced this breach of contract action against defendants Pearl Associates Auto Sales LLC ("Pearl Associates") and Alan Leventhal ("Leventhal," and together with Pearl Associates, "Defendants") on September 6, 2013. Plaintiff filed an Amended Complaint on November 4, 2013. Currently pending before the Court is Defendants' motion to dismiss the Amended Complaint for lack of personal jurisdiction (Docket Entry 18). For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND[1]

Plaintiff is a New York corporation with offices in Deer Park, New York. (Am. Compl. ¶ 4.) Pearl Associates is a New Jersey corporation with its corporate offices in Teterboro, New Jersey. (Am. Compl. ¶ 5.) Leventhal is an individual residing in New Jersey and the sole owner and proprietor of Pearl Associates. (Am. Compl. ¶¶ 6-7.) Plaintiff and Pearl Associates are wholesale and retail sellers of automobiles, with a long history of business together. (Am. Compl. ¶¶ 8-9.) Generally, Plaintiff would purchase used automobiles from Pearl Associates for resale. (Am. Compl. ¶ 9.)

In February 2013, though, Leventhal contacted Plaintiff's owner, Michael Heller ("Heller"), about a new business arrangement. (Am. Compl. ¶ 10.) Pearl Associates would purchase automobiles from another dealer--Towne Auto Center ("Towne")--in New Jersey, Plaintiff would pay Towne, and then Pearl Associates would sell the purchased automobiles. (Am. Compl. ¶ 10.) After Pearl Associates completed the sale, it would use the proceeds to pay Plaintiff back the amount Plaintiff paid to Towne and the parties would share in the profits or losses on a 50/50 basis. (Am. Compl. ¶ 10.)

---

[1] The following facts are presumed to be true for the purposes of this Memorandum and Order.

2

Under the First Cause of Action, Plaintiff alleges that Pearl Associates purchased thirty-eight vehicles between April 1, 2013 and July 22, 2013 on behalf of Plaintiff pursuant to the agreement. (Am. Compl. ¶ 11.) Plaintiff paid Towne for those vehicles and Pearl Associates has sold them. (Am. Compl. ¶¶ 12-13.) "However, Pearl Associates has breached their agreement by failing to pay Plaintiff the purchase price of the automobiles and has also failed to pay any profits earned in connection with the sales." (Am. Compl. ¶ 13.) Plaintiff has made a demand for $863,200.00, but to no avail. (Am. Compl. ¶ 14.) Moreover, Leventhal has personally guaranteed and acknowledged that he is liable for the requested sum, with interest from August 6, 2013. (Am. Compl. ¶ 15.)

Under the Second Cause of Action, Plaintiff alleges "[t]hat an account was taken and stated between the Plaintiff and Pearl Associates which showed a balance of eight hundred sixty three thousand two hundred dollars ($863,200.00) due and owing by Pearl Associates to the Plaintiff." (Am. Compl. ¶ 17.) No part of that sum has been paid. (Am. Compl. ¶ 18.) Plaintiff again reiterates that Leventhal has personally guaranteed the amount. (Am. Compl. ¶ 19.)

As to personal jurisdiction over Defendants, the Amended Complaint alleges: "This Court maintains jurisdiction over the nondomicilliary Defendants pursuant to New York's long-

3

arm statute N.Y. CPLR 302(a)(1). Defendants engaged in a series of business transactions within the State of New York and there is a substantial and direct relationship between the transactions and the claims asserted." (Am. Compl. ¶ 3.)

DISCUSSION

Defendants now move to dismiss the Amended Complaint for lack of personal jurisdiction. The Court will first address the applicable legal standard before turning to the merits of Defendants' motion.

I. Legal Standard

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." Penguin Grp. (USA) Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010) (citation omitted). The Court has "considerable procedural leeway" in resolving a pretrial motion to dismiss for lack of jurisdiction: it may decide the motion on the basis of the parties' affidavits by themselves, "permit discovery in aid of the motion[,] or . . . conduct an evidentiary hearing on the merits of the motion." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) (citations omitted). A plaintiff's precise burden depends on how the Court elects to address the jurisdictional issue. Id. Short of a "full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction

4

through its own affidavits and supporting materials." Id. While a plaintiff will still have to establish jurisdiction by a preponderance of the evidence at trial or a pretrial evidentiary hearing, "until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion." Id. Thus, in considering a Rule 12(b)(2) motion, the Court construes the pleadings and affidavits in the light most favorable to the plaintiff and resolves all doubts in plaintiff's favor. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).

II. Analysis

Defendants assert that Plaintiff has failed to allege this Court's personal jurisdiction over them. Whether a defendant is subject to personal jurisdiction involves a two-part analysis by a federal district court sitting in diversity. First, the Court asks whether it has jurisdiction over the defendant under the laws of the forum state. See Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). Second, if the Court has jurisdiction under state law, the Court must then determine whether such exercise would be consistent with the due process guarantees of the United States Constitution. See id.

Here, Plaintiff alleges that the Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R.

5

302(a)(1). A court will have personal jurisdiction over an out-of-state defendant pursuant to C.P.L.R. 302(a)(1) if "[1] that party 'transacts any business within the state' and [2] if the claim arises from these business contacts." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d. Cir. 2006) (quoting CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986)). New York courts define transacting business as "purposeful activity--'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246-47 (2d Cir. 2007) (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382, 229 N.E.2d 604, 607, 283 N.Y.S.2d 34, 37-38 (1967)). However, an out-of-state defendant "need not be physically present in New York to transact business" under C.P.L.R. 302(a)(1). Chloé v. Queen Bee of Beverly Hills, L.L.C., 616 F.3d 158, 169 (2d Cir. 2010).

Courts consider the following factors in determining whether an out-of-state defendant has transacted business in New York:

> "[1] whether the defendant has an on-going contractual relationship with a New York corporation; [2] whether the contract with a New York corporation was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York

6

>     for the purpose of meeting with parties to
>     the contract regarding the relationship;
>     [3] what the choice-of-law clause is in any
>     such contract; and [4] whether the contract
>     requires [defendant] to send notices and
>     payments into the forum state or subjects
>     them to supervision by the corporation in
>     the forum state."

Walden v. Lorcom Techs., Inc., No. 05-CV-3600, 2009 WL 799955, at *5-6 (E.D.N.Y. Mar. 24, 2009) (quoting Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004)). All of these factors are relevant, but "no one factor is dispositive and other factors may be considered." Sunward, 362 F.3d at 23. "[T]he ultimate determination is based on the totality of the circumstances." Id. (internal quotation marks and citation omitted).

As to the first factor, it does not appear to be contested that the parties had a long-standing business relationship. (Am. Compl. ¶ 9.) This factor alone, however, is not dispositive. See Stein Fibers, Ltd. v. Bondex Telas Sin Tejar, No. 08-CV-0210, 2009 WL 385412, at *3 (N.D.N.Y. Feb. 10, 2009) ("Jurisdiction is proper only when the ongoing contractual relationship is augmented by other significant contacts by the defendant with the forum state.").

The second factor is somewhat more complicated. Notably, the Amended Complaint--filed after Defendants moved to dismiss the original Complaint on personal jurisdiction grounds-

7

-provides few, if any, details regarding contractual negotiations. Plaintiff alleges that "[i]n or about February of 2013, Leventhal contacted Plaintiff's owner, Michael Heller ('Heller') with a new business proposition." (Am. Compl. ¶ 10.) Neither the Amended Complaint nor the affidavits submitted by either party discuss the negotiations further. Plaintiff does not allege that Leventhal, or anyone from Pearl Associates, came to New York or made any travel arrangements to New York for the purposes of negotiations or the contractual arrangement.

Moreover, Plaintiff is generally correct that one transaction, even if the defendant did not enter the forum state, may be sufficient to confer jurisdiction. (See Pl.'s Opp. Br., Docket Entry 19, at 2 (citing PDK Labs, Inc. v. Friedlander, 103 F.3d 1005, 1109 (2d Cir. 1997).) In support, Plaintiff cites to Leventhal's actions in contacting it. However, telephonic or electronic negotiations with a party in New York can provide a basis for jurisdiction if the defendant "projected himself" into New York in such a manner that he "'purposefully' availed himself 'of . . . the benefits and protections of its laws.'" Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 18, 256 N.E.2d 506, 508-09, 308 N.Y.S.2d 337, 340 (1970) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). Courts typically find that a defendant has not "projected" itself into New York "despite substantial

8

communication by telephone, fax and mail between defendant and parties in New York in the course of contract negotiations--where the 'center of gravity' of the transaction was elsewhere." Fishbach Corp. v. United Power Ass'n, Inc., No. 93-CV-5373, 1995 WL 505582, at *2 (S.D.N.Y. Aug. 24, 1995) (collecting cases).

Here, the automobiles in question were bought in New Jersey and sold in states other than New York. (Leventhal Decl., Docket Entry 18-2, Ex. 2, ¶ 6.) Plaintiff did not oversee the sales in any way, nor did Defendants make any reports or seek any input from Plaintiff. See Popolizio v. Schmit, No. 11-CV-1329, 2013 WL 316545, at *6 (N.D.N.Y. Jan. 28, 2013) (finding that there was no personal jurisdiction over defendant where, although there was an ongoing contractual relationship, "Defendant . . . had no obligation to consult Plaintiff about any business dealings arising from the transaction or communicate with Plaintiff in any way; Defendant . . . was merely required to share profits with Plaintiff"). Accordingly, the "center of gravity" was not New York, and Defendants' single communication regarding a new business relationship does not weigh in favor of exercising personal jurisdiction of Defendants.[2] See id. at *7 (finding that the

---

[2] Although Plaintiff points to certificates of sales involving payment of New York taxes for the subject vehicles (Pl.'s Opp. Br. at 3-4), Plaintiff's allegations do not show that Defendants had such communications with Plaintiff so as to purposefully

9

"center of gravity" was where the cattle, the property subject to the contract, was housed and bred); see also Stein Fibers, Ltd., 2009 WL 385412, at *4 ("'[N]egotiation of the contractual terms by phone, fax or mail with the New York party is generally insufficient to support a finding of the transaction of business in New York' . . . ." (quoting United Computer Capital Corp. v. Secure Prods., L.P., 218 F. Supp. 2d 273, 278 (N.D.N.Y. 2002))).

As to the third factor, Plaintiff has not alleged that there was a choice-of-law clause in the contract. In fact, it is wholly unclear whether the parties had a written contract at all, and its terms have only been summarized by the parties. Thus, this factor also does not weigh in favor of finding a transaction of business by Defendants.

Finally, as to the fourth factor, Defendants presumably were to make payments to Plaintiff in New York. This, even in conjunction with a business relationship, though, is not enough. See Stein Fibers, Ltd., 2009 WL 385412, at *4; Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc., 2 F. Supp. 2d 470, 474 (S.D.N.Y. 1998) (payments to New York, even assuming an ongoing business relationship, are insufficient to confer personal jurisdiction); see also On Line Mktg. Inc., 2000 WL 426426, at *3 ("Although defendant was to send payment

---

avail themselves of the benefits of New York. See On Line Mktg. Inc. v. Thompson Outfitters, Inc., No. 99-CV-10411, 2000 WL 426426, at *3 (S.D.N.Y. Apr. 20, 2000).

to plaintiffs in New York if it accepted plaintiffs' proposal, the Agreement did not require defendant to provide any notices or reports to plaintiffs here in New York.").

Given the totality of circumstances here, the Court finds that Plaintiff has not made a prima facie showing of personal jurisdiction. See On Line Mtkg. Inc., 2000 WL 426426, at *3 (noting that the proper focus "is on what the defendant did in New York in connection with the cause of action, not on plaintiffs' actions").

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED, and the Amended Complaint is DISMISSED WITH PREJUDICE.

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: May __7__, 2014
        Central Islip, New York